394 So.2d 1269 (1981)
Albertha THORNTON
v.
DHHR, Earl K. Long Memorial Hospital.
No. 13938.
Court of Appeal of Louisiana, First Circuit.
January 26, 1981.
William P. Brumfield, Brumfield & Brumfield, Baton Rouge, for appellant.
Sidney W. Hall, Staff Atty., Dept. of Health and Human Resources, Baton Rouge, for appellee.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is an appeal by Ms. Albertha Thornton from a decision of the State Civil Service Commission affirming her dismissal from state service as a Nursing Aide II at Earl K. Long Hospital.
The letter notifying Ms. Thornton of her termination was dated April 3, 1979, and her termination was effective at the close of business that date. The Civil Service Commission approved the dismissal making the following findings of fact:
"1. Appellant had been employed as a Nurse Aide with the X-Ray Department of Earl K. Long Memorial Hospital *1270 since the inception of that department at that hospital. She was probably the oldest tenured employee in that department.
"2. At the inception of the department her duties primarily consisted of transporting patients from the various rooms to the X-Ray Department and sometimes assisting the X-Ray technologists in developing of X-Ray film. Later, the nuclear medicine and ultra-sound sections were added to the X-Ray Department although they were physically located a room or two away. Appellant resisted the inclusion of these new branches into the X-Ray Department and stated on many occasions that her job description did not include delivering patients to nuclear medicine and ultra-sound.
"3. Appellant was quite vocal about her objections to her duty assignments both in the presence of supervisors with less tenure than herself and other co-employees.
"4. Appellant was quite talkative with various employees about her problems, and some of the employees considered this disruptive to their work while other employees took it in stride.
"5. On July 30 and July 31, 1979 Margarite Anderson, the shift supervisor of the 3-11 shift upon which appellant worked and for which shift appellant was the only Nurse Aide assigned, instructed appellant to secure and deliver several patients to X-Ray and nuclear medicine. By testimony of Frank West, Diagnostic Radiology Supervisor, Margarite Anderson, shift supervisor of the 3-11 shift, and Elaine Porsche, X-Ray darkroom technologist, appellant stated that delivering patients to nuclear medicine was not her duty and she was not going to get the patient.
"6. Leon Jack Ricks, X-Ray technologist and appellant's own witness, stated that appellant would not necessarily refuse to get the patient by saying `I refuse to do that' but would delay obeying any orders and fuss about it until it was convenient for her. On one occasion, he testified, on July 30 or 31, appellant simply stated she would get to it after she got back from dinner.
"7. On July 31, 1979 appellant was talking loudly and disturbing Joe Hopkins, X-Ray Technologist II in the X-Ray room, and Margarite Anderson had to ask appellant to leave the X-Ray room.
"8. On July 31, 1979 appellant was the only Nurse Aide on duty and was the only person whose responsibility it was to secure and transport patients to the X-Ray Department. On that date, appellant disappeared from the department for about 45 minutes. She was paged, without any response. When she returned she stated that she had been looking for sheets. If, in fact, appellant had been searching for sheets, she had not requested permission to leave the department nor even advised anyone in the department of her whereabouts so that they might know where she was or approximately when she would return.
"The Commission finds that the appellant had, in fact, committed the offenses charged by the appointing authority in the August 3, 1979 letter of termination. Appellant was obviously very strong-willed and very proud that she was the oldest employee in that department. Her strong will and her tenure apparently led her to resent or resist changes in the duty schedule and orders from supervisors with less tenure than herself. Indeed, the Commission had a sample of this when appellant would not even let the Commissioners complete a question prior to being interrupted with a discourse that appellant had on her mind.
"The Commission finds that the charges set out have been proven and form a sufficient basis for the disciplinary action taken. Appeal is denied and dismissed."
Legal cause for disciplinary action exists when the conduct complained of impairs *1271 the efficiency of the public service and bears a real and substantial relation to efficient and orderly operation of the public service in which the employee is engaged. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962). The burden of proof, which is upon the appointing authority, requires that the appointing authority show by a preponderance of the evidence that the employee's conduct did, in fact, impair the efficient and orderly operation of the public service. La.Const. Art. X, § 8 (1974). A preponderance of evidence means evidence which is of greater weight or more convincing than that which is offered in opposition thereto. Jennings v. Allstate Insurance Company, 273 So.2d 534 (La.App. 1st Cir. 1973). And, proof is sufficient to constitute a preponderance when, taken as a whole, it shows the fact or causation sought to be proved as more probable than not. Aubert v. Charity Hospital of Louisiana, 363 So.2d 1223 (4th Cir. 1978), writ refused 365 So.2d 242 (La.1978).

FACT FINDING NO. 2
Appellant argues that the Commission's finding of fact that the hospital's nuclear medicine and ultra sound sections were part of the x-ray department was not proved by a preponderance of the evidence. We disagree. The head of the radiology department testified that nuclear medicine and ultra sound were part of his department. This we feel is sufficient.

FACT FINDING NO. 5
Appellant contends that unrefuted evidence in the record shows that the hospital director instructed appellant that transporting patients to nuclear medicine was not part of her job classification. From the evidence as a whole we conclude that since nuclear medicine and ultra sound were attached to the x-ray department, nurses aides in the x-ray department also handled the transportation of patients to nuclear medicine because the supervisor on duty would so instruct. Any reference to what the hospital director said was hearsay, though not objected to. Even though it was not objected to, and thus was admitted, there is sufficient evidence from other witnesses to reach the conclusion arrived at by the Commission.

FACT FINDING NO. 6
Appellant argues that this finding of fact does not amount to insubordination. We disagree. Though we conclude that appellant never told her superior that she refused to do a particular job, sufficient evidence exists in the record to show a passive refusal to do the work or a slow down by appellant in doing her job. Thus, we find no error.

FACT FINDING NO. 8
It is argued that appellant told two fellow workers where she would be. However, when these individuals were called to testify, they were not asked to confirm appellant's testimony on this point; thus, there is a presumption that they would not confirm her story.

FACT FINDINGS NOS. 3, 4 AND 7
These fact findings all deal with appellant's loud vocal trait. We have studied the record in detail and conclude that there was no error made by the Commission.
Therefore, for the above and foregoing reasons, the judgment of the State Civil Service Commission is affirmed at appellant's costs.
AFFIRMED.