430 So.2d 1203 (1983)
Betty JONES
v.
DEPT. OF HEALTH & HUMAN RESOURCES, et al.
No. 82 CA 0607.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
*1204 Stanley K. Hurder, De Blieux & Hurder, Baton Rouge, for appellant.
Steven Mayer, Staff Atty., Dept. of Health and Human Resources, Baton Rouge, for appellee.
Robert R. Boland, Jr., Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall Director of the Dept. of State Civil Service.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
This is an appeal from a ruling of the State Civil Service Commission (Commission) which confirmed the dismissal of Betty Jean Jones from her employment with the Department of Health and Human Resources (Department).
Betty Jones was employed by the Department as a Nursing Aide II at Earl K. Long Memorial Hospital. She was notified by letter from Raymond D. Potter, Director, dated February 18,1981, that she was being dismissed from her position. Five charges were listed in the letter as causes for her dismissal. Ms. Jones filed a timely notice of appeal with the Commission denying the charges and seeking reinstatement with back pay and reasonable attorney fees. A public hearing was held in Baton Rouge on February 15, 1982 before a referee appointed by the Commission and the record was furnished to the Commission to consider in its determinations. Charges I and III were abandoned by the appointing authority due to the unavailability of a chief witness. The remaining charges as stated in the letter of termination are as follows:
II. September 13, 1980, 5th floor 3-11 shift at about 9:15 p.m. in room 501-3, you were requested by Ms. Mary Breaux, Registered Nurse I in charge, to assist in holding a burn patient by the initials of A.S., chart number 136031 for debriding and you refused this assignment.
IV. You were heard on September 16, 1980, 5th floor shift at about 10:45 p.m. in the Nursing circle by Ms. Linda Reid, Registered Nurse I in charge, and Ms. Dorothy Beatty, Licensed Practical Nurse II assigned to the unit, using profanity when speaking about your work. The use of profane language cannot be tolerated and represents unacceptable behavior.
V. September 17, 1980, 5th floor 3-11 shift at about 10:15 p.m. in the nurses lounge, you were requested by Ms. Sally Ott, Registered Nurse I in charge, to take a blood culture to the laboratory and you refused stating "those don't have to go down stat."
*1205 The Commission found that the appointing authority had borne its burden in proving charges II and V, but had failed to bear its burden in proving Charge IV.
Article 10, § 8 of the 1974 Louisiana Constitution provides that, "No person who has gained permanent status in the classified State or City service shall be subjected to disciplinary action except for cause expressed in writing." (Emphasis added) This court in Albert v. Louisiana State Penitentiary, 396 So.2d 340 (La.App. 1st Cir. 1981), at page 341, discussed the meaning of "cause" as follows:
"`Cause' exists if the facts disclose that an employee's conduct impairs the efficiency of the public service. There must be a real and substantial relation between the employee's conduct and the impairment of public service or cause is not present and any disciplinary action by the Civil Service Commission is arbitrary and capricious. Hamlett v. Division of Mental Health, Louisiana Health and Human Resources Administration, 325 So.2d 696 (La.App. 1st Cir.1976); Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962)."
Appellant argues that she did not refuse to carry out any specific assignments and that the two charges against her which were allegedly proven do not constitute offenses which are serious enough for termination. She also argues that the Commission failed to consider as a mitigating factor that she was completing authorized duties at the time she allegedly failed to obey an order.
As to Charge II, the Commission found that appellant was taking routine temperatures and refused to interrupt her duties to assist Ms. Breaux, even after Ms. Breaux explained the urgency of the situation. As to Charge V, the Commission found that Sally Ott, Registered Nurse, was ordered by a physician to have a blood culture sent to the laboratory "stat" (i.e. immediately). At about 10:15 p.m. Ms. Ott asked appellant to deliver the culture to the laboratory as soon as she finished eating. Appellant responded that the culture did not need to go down that night because it would just sit in the refrigerator over night. The blood culture had not been taken down at 11:00 p.m. Whether appellant verbally refused to comply with instructions at the time they were given is not determinative. A passive refusal or a slowdown in doing the job can just as well amount to insubordination. Thornton v. DHHR, 394 So.2d 1269 (La.App. 1st Cir.1981).
The Commission stated in its report that the efficiency of the public services rendered by a hospital is directly dependent on non-professional hospital personnel obeying the orders of the professional staff. When non-professional personnel fail to carry out orders, public service rendered by a hospital is directly impaired.
It takes little imagination to comprehend the possible serious consequences of refusing to perform or untimely performing certain tasks in a hospital environment. The efficient running of a hospital depends on cooperation of all personnel and coordination of functions. Duties of nursing aides are established by the Registered Nurse on duty, and nursing aides are trained to take their orders from the Registered Nurse. There was testimony at the hearing that appellant had been counselled on her responsibilities and duties and knew or should have known that she was to follow instructions given by the Registered Nurse. The fact that appellant was performing her routine tasks, as found in Charge II, is not mitigating. Appellant was not in a position, by training or by job description, to substitute her judgment for that of the Registered Nurse as to which task had priority at that moment.
Appellant's characterization of these two incidents as petty misunderstandings cannot be accepted. The testimony shows that she knew she was to follow the nurse's orders, but failed to do so. The possible consequences that can flow from the failure of a nurse's aide to follow directions are too severe for such failure to be excused.
Appellant makes the further argument that the appointing authority was relying *1206 on the cumulative effect of the charges and that since only two charges were proven, they are not enough to constitute "cause" for termination. Whether the appointing authority relied on the cumulative effect or not is not important because the two charges that were proven are of a serious enough nature to warrant dismissal.
Appellant also urges that Charge V in the termination letter does not state whether she did or did not take the culture to the laboratory and that therefore the evidence concerning whether or not the culture was taken to the laboratory, in particular, the finding of fact No. 5 that the culture had not been taken to the lab by 11:00 p.m., was beyond the scope of the termination letter and should not have been admitted. Apparently, appellant feels prejudiced by lack of notice resulting in her inability to adequately prepare a defense. She states that she did not have an opportunity to determine whether the culture ever reached the laboratory and whether this was her responsibility at the time.
Charge V of the letter clearly states that appellant refused to take the culture. Certainly, evidence that the culture had not been taken to the laboratory by 11:00 p.m. bears on the question of whether she refused to take it or not. The issue is whether appellant failed to obey a specific order given by the nurse in charge, and any evidence showing that appellant did or did not obey that order is relevant. Charge V gave sufficient notice to appellant that a determination would be made of whether she obeyed or refused to obey the order.
Appellant also argues that the contradictory testimony of one person regarding each incident does not satisfy the burden of proving the charges with sufficient and competent proof. However, concerning the first charge, appellant testified that she did not stop taking temperatures in order to help Nurse Breaux. This was the ultimate issue to be decided and appellant's own testimony supported that of Nurse Breaux.
As to Charge V, Nurse Ott testified that she made the request at 10:15 and that when she checked later, the task was still not performed. Though appellant testified that she performed the task later, she did not refute Nurse Ott's testimony that the task was not performed within a reasonable length of time after the request. With regard to this incident, appellant testified as follows:
"Q. And if she told you to take a blood culture down to the laboratory, would it be your responsibility to do that?
A. Yes, if I'm not busy."
It is obvious that appellant does not understand her duty to perform expeditiously the tasks assigned by the nurse in charge.
The burden of proof is on the appointing authority to prove the charges made. La. Const. art. 10, § 8(A). The charges must be proved by a preponderance of the evidence which means evidence of a greater weight or more convincing than that offered in opposition thereto. Thornton v. DHHR, supra. This burden applies to each charge made, whether the appointing authority is depending on the cumulative effect of the charges or not. See Herbert v. Department of Police, Huber v. Department of Police, 362 So.2d 1190 (La.App. 4th Cir.1978). Proof is sufficient to constitute a preponderance when, taken as a whole, it shows the fact or causation sought to be proved as more probable than not. Thornton v. DHHR, supra.
We find that the appointing authority has carried its burden of proof in showing that appellant refused on two occasions to carry out a direct order and that this failure has a direct relation to the impairment of a vital public service.
For the above reasons, the findings of fact of the Commission are affirmed. All costs of this appeal are to be assessed against appellant.
AFFIRMED.