457 So.2d 781 (1984)
Donna R. HILL
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, OFFICE OF MENTAL HEALTH AND SUBSTANCE ABUSE. (Two cases.)
Nos. 83 CA 1043, 83 CA 1044.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*783 Anthony R. Crouse and Fred Enman, Loyola University, School of Law and Clinical Education, New Orleans, for appellant.
Joanne Henig, Staff Atty., Dept. of Health & Human Resources, Baton Rouge, for appellee.
Robert B. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
The primary issues in this Civil Service Commission appeal are whether or not the appellant abandoned her position and the timeliness of her appeal from an unsatisfactory service rating.
On December 31, 1980 Donna R. Hill, appellant herein, was employed by the Department of Health and Human Resources as a Clerk-Typist III. On that date she allegedly injured her back while at work when she slipped on a paperclip. She did not return to work from that date until her termination on April 3, 1981.
During the initial period of her absence Ms. Hill utilized her accumulated sick and annual leave, which was exhausted on January 21, 1981. Thereafter she was authorized to take leave without pay until February 23, 1981. At the expiration of this period, she was granted an extension of leave without pay until March 2, 1981.
Throughout this period the appointing authority repeatedly advised Ms. Hill that medical verification of both her condition and the approximate date of her return was necessary in order to grant her further leave. Ms. Hill furnished a medical certificate dated January 20, 1981 which stated she was under treatment for disc disease, with a minimal disability of two weeks. At the expiration of this two week period Mr. Lewis, Ms. Hill's immediate supervisor, informed her by phone an additional medical report was necessary to authorize further leave. Ms. Hill testified a second medical certificate dated February 16, 1981 was mailed to the appointing authority. Although this certificate stated Ms. Hill could return to work after a visit in two weeks, she claims she was unable to return at that time. In any event, her supervisors deny ever receiving this medical certificate. Mr. Lewis testified he spoke to Ms. Hill again regarding this matter on February 23, March 2, 5, 17, and 23. Additionally, she was sent a letter during the week of February 23 stressing the absolute necessity of a medical report. Nevertheless, the appointing authority did not receive any further medical reports prior to Ms. Hill's termination, although a medical report dated April 11, 1981 was received subsequently.
Since Ms. Hill failed to either return to work upon the expiration of her approved leave or obtain an extension, she was absent without authorized leave and on April 3, 1981 was terminated on this basis. The appointing authority considered Ms. Hill's conduct to constitute an abandonment of her position within the meaning of Civil Service Commission Rules 1.1 and 11.27(e). Additionally, by letter dated May 20, 1981 the appointing authority assigned Ms. Hill an unsatisfactory service rating for the *784 preceding period because of her removal for cause.
Ms. Hill filed appeals with the Civil Service Commission from both the unsatisfactory service rating and her dismissal. At the hearing on this matter the appointing authority made an oral motion for summary disposition of the service rating appeal. This motion was taken under advisement by the hearing referee and ultimately granted by the Civil Service Commission. The Commission's opinion also affirmed Ms. Hill's termination.
Legal cause for disciplinary action against a permanent, classified civil service employee exists whenever that employee's conduct is detrimental to the efficient and orderly operation of the public service for which he was employed. See Thornton v. DHHR, 394 So.2d 1269 (La. App. 1st Cir.1981). The appointing authority bears the burden of proving such conduct by a preponderance of the evidence, which means the evidence, as a whole, must show the fact sought to be proven is more probable than not. To constitute a preponderance, the evidence must be of a greater weight or more convincing than that offered in opposition thereto. Thornton, supra; Jones v. Dept. of Health & Human Resources, 430 So.2d 1203 (La. App. 1st Cir.1983).
Civil Service Commission Rule 1.1 defines "abandonment of position" as the desertion of a classified employee's position. Additionally, Rule 11.27(e) provides that an employee who "...fails to report for...duty...on the first working day following the expiration of his approved leave of absence without pay... shall be considered as having deserted his position and shall be removed in accordance with the provisions of Chapter 12 of these Rules."
It is undisputed Ms. Hill failed to report for duty on the first working day following the expiration of her approved leave. Thus, her actions clearly fall within the conduct proscribed by Rule 11.27(e). However, Ms. Hill argues she did not abandon her position because her absence was involuntary due to physical disability. This argument is without merit. First, we note Ms. Hill never provided adequate medical verification of her disability for the period of her unauthorized absence. Even if we assume the appointing authority received both the January 20 and February 16 medical certificates, these certificates excused Ms. Hill's absence only until March 3. The medical report dated April 11, 1981 and received after Ms. Hill's termination merely outlines the history of her treatment for a lumbar sprain and does not indicate she was unable to work throughout this period. Second, even if she was unable to work, it was still incumbent upon Ms. Hill to supply the appointing authority with the information needed to consider an extension of her leave without pay. Since she neither returned to work nor obtained a leave extension, she effectively abandoned her position within the meaning of the Commission's rules.
Ms. Hill also argues she did not in fact abandon her position because her failure to obtain the medical report necessary for a leave extension was beyond her control. She testified she repeatedly requested a medical report from her doctor and he indicated one would be sent. Additionally, she alleges Mr. Lewis refused to help her obtain a medical report by telephoning her doctor as she requested. Mr. Lewis denies any recollection of Ms. Hill making such a request to him.
We find Ms. Hill's difficulty in obtaining a medical report from her doctor an inadequate excuse for her failure to supply the required medical information. Ms. Hill was aware of the absolute necessity for medical verification of her disability and of the approximate date of her return. She knew further leave could not be granted without this information. She also knew from conversations with her supervisor that they had not received this information. When it became apparent she would be unable to obtain the necessary verification from her present doctor, she should have taken other steps to protect her position. For instance, she could have consulted with *785 another doctor in order to procure a medical report.
We conclude the appointing authority acted reasonably under the circumstances present. Regardless of the reasons for the failure to supply a medical report, the appointing authority lacked sufficient information to evaluate the status of Ms. Hill's position. Since it had no indication of the length of her absence, it was unable to make adequate provisions for carrying out her duties during this period. This undoubtedly impaired the efficient operation of the public service. The appointing authority allowed Ms. Hill a period of approximately two months to supply the necessary medical information. At some point it was necessary to end the uncertainty and make arrangements for filling Ms. Hill's position. Every reasonable effort had been made to accommodate her. She was granted two periods of leave without pay despite her failure to furnish the required medical documentation. The supervisor spoke to her on numerous occasions, always reminding her of the necessity for a medical report. In spite of all this, she was not terminated until she was absent without leave for a month.
Additionally, the refusal of Ms. Hill's supervisor to personally telephone her doctor would not have been improper. It is the employee's responsibility to obtain medical verification of illness or disability. See Civil Service Commission Rule 11.14. To require the appointing authority to actively participate in obtaining medical information as suggested by Ms. Hill would place an undue burden upon it.
Lastly, Ms. Hill argues the Commission erred in summarily dismissing the appeal from her unsatisfactory service rating. The Commission based this dismissal on Rule 10.4(a) which provides an appeal from an unsatisfactory service rating should first be made to the appointing authority. Ms. Hill failed to comply with this rule, having appealed her rating directly to the Commission. On appeal she maintains the Commission erred in ignoring subsection (d) of Rule 10 which provides nothing therein shall prevent an employee against whom Chapter 12 action (Disciplinary Actions & Separations) has been taken from appealing directly to the Commission.
The Commission's opinion does not refer to subsection (d) of Rule 10. Rather than ignoring this provision, however, it is more probable the Commission simply interpreted it differently than Ms. Hill. Subsection (d) does not specify whether it is the Chapter 12 action or the service rating which can be appealed directly to the Commission. When read together with Subsection (a) it could reasonably be interpreted to mean that even when action authorized under Chapter 12 is based on the same facts as the unsatisfactory rating, the Chapter 12 action can still be appealed directly to the Commission. It should be noted that an administrative agency may interpret its own rules and such interpretations become part of the rules. Department of Corrections v. Cage, 418 So.2d 3 (La.App. 1st Cir.1982), writ denied, 422 So.2d 164 (1982); McNeely v. Dept. of Health & Human Resources, 413 So.2d 594 (La.App. 1st Cir.1982), writ denied, 415 So.2d 949 (1982). In any event, upon review of the record we find an adequate basis for upholding this unsatisfactory rating based upon the same grounds as Ms. Hill's termination.[1]
For these reasons, we affirm the decision of the Civil Service Commission. Appellant is cast for all costs of this appeal.
AFFIRMED.
NOTES
[1] Assignments of error numbers two and four were not briefed by appellant and thus are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.