JOHN S. COVINGTON, Judge Pro Tem.:
Louis F. Leteff, an employee of the Department of Corrections (Department), appeals from a judgment of the State Civil Service Commission (Commission) upholding his demotion.
We reverse.
Appellant was a permanent classified employee in the Department’s Management and Finance Section, Headquarters Division, when Secretary John T. King notified him by letter of his demotion from Fiscal Auditor IV to Management Analyst I. The Secretary detailed two separate incidents of alleged misconduct and cited these as the reason for appellant’s demotion. The first incident involved a request made of appellant by his supervisor, Undersecretary Michael Martin, for submission of a draft proposal for conducting an internal control survey of the Department’s disbursement processes. Although appellant ultimately submitted a proposal, according to Mr. King his response was untimely and substantively not in compliance with his supervisor’s request. Mr. King commented as well that appellant’s responses to Mr. Martin (in the exchange of memos after the request was made) revealed a “lack of knowledge and understanding of accounting and auditing procedures”. The second incident involved appellant’s allegedly telling business managers at two institutions not to keep certain records, in violation of generally accepted accounting principles. In the letter’s conclusion, Mr. King summarized the charges against appellant as follows:
“Therefore, because of your failure to perform your assigned duties and because you did not encourage policies and procedures for institutional compliance with accounting standards, this letter will serve to inform you that you will be demoted from your position ...”
At the hearing, appellant moved for summary disposition in his favor, arguing that the letter of notice of demotion was so vague and unspecific in its charges that under Civil Service Rule 12.3(c)[1] and Article X, Section 8[2] of the 1974 Louisiana Constitution, the demotion should be ineffective. The record shows that the Corn- *256 mission examined the letter and retained as sufficiently specific only the two charges summarized in the letter of demotion. However, the Department failed to submit any evidence or testimony relative to the second charge, and the Commission’s written opinion makes no reference to it.
The Commission upheld appellant’s demotion on the basis of the first charge only, having determined that appellant failed to prepare the draft proposal as directed by his supervisor. In addition, the Commission concluded:
“Appellant’s response to the memoranda indicated both sarcasm and a total lack of knowledge of auditing procedures and functions that should have been possessed by an individual holding the responsible position of Fiscal Auditor IV. Appellant did not, through his responses to Martin and in his testimony before this Commission, exhibit the knowledge or understanding of accounting and auditing procedures. Appellant admitted in his testimony that he had not been performing auditing functions and failed to indicate that this lack of performance was for any reason other than his lack of knowledge and ability.”
Article X, Section 8(A), of the Louisiana Constitution of 1974 provides that a classified civil service employee with permanent status shall not be subjected to disciplinary action except for cause. Legal cause exists when the conduct complained of impairs the efficiency of the public service and bears a real and substantial relation to efficient operation of the public service in which the employee is engaged. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962). The appointing authority bears the burden of proving legal cause by a preponderance of the evidence. Thornton v. DHHR, 394 So.2d 1269 (La.App. 1st Cir.1981).
The record reveals that by memo dated November 18, 1981, appellant’s newly appointed supervisor Mr. Martin directed appellant to submit, by November 25th, a draft proposal for conducting an internal control survey of the Department’s disbursement processes. Appellant responded by memo dated that same day, requesting clarification of Martin’s intent, in light of some language in his memo which might, if taken literally, be somewhat confusing. In addition, appellant requested a “literal description” of certain acronyms, “GAAP” and “GA-AFR”, used by his supervisor. Appellant testified that he understood what these terms meant (even though GAAFR was mistakenly hyphenated by Mr. Martin), but because he knew his supervisor knew very little about accounting or auditing, he wanted to be sure Martin understood what he was asking for. Mr. Martin testified that although an internal control survey was actually needed, he assigned appellant this task mainly in an attempt to test the latter’s knowledge of auditing functions and procedures.
Appellant testified that thereafter, his supervisor verbally told him to forget the survey proposal and assigned him to another project. Martin-did not refute this assertion. However, he sent appellant another memo on December 8, 1981, well past the initial deadline of November 25th, defining the acronyms “GAAP” and “GAAFR”. He failed to address appellant’s other request for clarification, but set a new deadline (December 15th) for submission of appellant’s draft proposal. Appellant submitted his proposal on December 14th. Because we rule as we do, we find it unnecessary to go into the details of appellant’s response and why the Department and the Commission found it to be inadequate.
Martin never responded to appellant’s proposal, although he testified that he was not satisfied with the substance of appellant’s suggestions. He testified that as a result of this exchange of memos, he became concerned that appellant lacked the necessary understanding and ability to carry out the functions of his position. Accordingly, he assigned appellant to other duties, unrelated to auditing.
On April 28, 1982, Martin gave appellant a Satisfactory Service Rating Report, noting in the report that he had not assigned *257 appellant any duties as a Fiscal Auditor IV for the past eight months. However, he stated that the other duties he’d assigned to appellant had been performed to his satisfaction. He did not mention the supposed unsatisfactory performance on the requested survey proposal. Sometime thereafter, Secretary King attempted to demote appellant, for reasons not in the record. Appellant was subsequently reinstated to his former position, but on August 12,1982, appellant received notice of a second demotion, which is the subject of this appeal.
We conclude that the Department was estopped from using the alleged failure of appellant to adequately prepare the ordered proposal as the basis for disciplinary action approximately eight months later, in light of the fact that in the time period intervening, appellant’s supervisor gave him a Satisfactory Service Rating Report, noting specifically that appellant had performed all assigned duties satisfactorily. As a Rating Report is required annually for each employee (Civil Service Rule 10.2(a)[3]), the satisfactory rating appellant received April 28,1982 clearly encompasses all tasks assigned to appellant over the previous year.
Much testimony at the hearing was concerned with, and much argument in brief was devoted to, the question of whether appellant is qualified for his former position of Fiscal Auditor IV. That question is not properly before us for resolution, nor was it properly before the Commission. The Commission erred in making a determination so broad in scope and clearly beyond the scope of the charges against appellant. The latter’s demotion was based on two specific charges, and general lack of qualification for his position was not one of them.
As the Department failed to prove legal cause for the demotion of appellant, the Commission’s ruling upholding the demotion was manifestly erroneous. In light of our ruling, we need not address appellant’s other arguments and specifications of error.
Accordingly, for the reasons assigned above, the ruling of the Commission is reversed and appellant is ordered reinstated in his position as Fiscal Auditor IV effective August 20, 1982, with full back pay and all accrued benefits, with credit to the Department for income earned by appellant since August 20, 1982 in his position of Management Analyst I. The Department is to pay costs in the amount of $50.00.
REVERSED.

. Civil Service Rule 12.3 provides, in pertinent part:
“Procedure in Removals, Demotions and Reductions in Pay of Permanent Employees, (a) In every case of removal, demotion or reduction in pay for cause of a permanent employee, the appointing authority or his authorized agent shall:
1. Furnish to the employee at the time such action is taken, or prior thereto, a statement in writing given detailed reasons for such action.
(c) For purposes of this Rule, "detailed reasons” shall include at least a description of the misconduct for which the disciplinary action is being levied, the date, time and place of such misconduct, the names of persons directly involved in or directly affected by the misconduct (unless their identities are protected by state or federal statute or regulation, in which case, identification shall be made as permitted by such statute or regulation) and such other information as will fully inform the employee of the charge against him and will enable him to prepare a defense.”

. Article X, Section 8 of the 1974 Louisiana Constitution provides, in pertinent part:
§ 8. Appeals
Section 8. (A) Disciplinary Actions. “No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority-”

. Civil Service Rule 10.2(a) provides:
"10.2 Service Ratings — How Made.
(a) The appointing authority of each department shall as of March 31 of each year have a service rating made of each permanent employee who has worked ninety days or more in the class of position he occupies.”