WATKINS, Judge.
We have reviewed the record herein and conclude that the result reached by the Louisiana Civil Service Commission is correct. Accordingly, we affirm the reinstatement with back pay of Sergeant Edward Mayfield.
On appeal the Louisiana Department of Public Safety assigns as error the finding of fact concerning the testimony of Training Liaison Officer Raymond Whit-tington. Even if this finding is in error, the error is immaterial. The reasons given by the Referee for rejecting the proposition that Sergeant Mayfield’s action resulted in the stabbing of an inmate by another inmate are dispositive of the case. See appended “Decision” of Civil Service Commission Referee Bernice R. Pellegrin.
Appellant is cast for costs of this appeal in the amount of $696.00.
AFFIRMED.
APPENDIX
DECISION
In re: Appeal of Edward Mayfield (Department of Public Safety and Corrections, Louisiana State Penitentiary)
State of Louisiana
Civil Service Commission
Docket No. 7012
Filed Dec. 19, 1988
STATEMENT OF THE APPEAL
Appellant was employed by the Department of Public Safety and Corrections, at Louisiana State Penitentiary, as a Corrections Sergeant and was serving with permanent status. By letter dated January 15, 1988, over the signature of C. Paul Phelps, Secretary, appellant was advised that he was being terminated effective January 22, 1988. As cause for this action, appellant is charged with failing to separate three inmates who had been pushing and shoving each other on November 17, 1987. The letter states that appellant’s failure to separate the inmates resulted in one of the inmates stabbing another with a screwdriver. In support of the severity of the action, the letter cites a previous one day suspension for playing chess while on duty.
On February 22„ 1988, appellant in proper person requested an appeal of the termination. Appellant does not state the relief sought.
A public hearing was held at Louisiana State Penitentiary on August 10, 1988, before a Referee appointed by the Commission. Based upon the evidence presented at the hearing and pursuant to Article X, Section 12(A) of the Louisiana Constitution of 1974, as amended in 1982, the Referee makes the following findings.
FINDINGS OF FACT
1. The parties stipulated that:
a. appellant received a copy of the Employee Rules and Disciplinary Procedures booklet dated July 1, 1985;
b. appellant was physically present when inmate Hampton was stabbed;
c. inmate Hampton was stabbed in the face, head and back by another inmate; and
d. appellant received the prior disciplinary action cited in the notice of termination.
2. On the evening of November 17, 1987, appellant was working alone in Cy *1232 press-4 Dormitory, which houses approximately sixty inmates.
3. Appellant was seated at the security desk at the front of the dormitory when he heard a bed move and looked up to see three inmates — Hampton, Sumler and Jones — pushing and shoving each other in the back of the dormitory.
4. Appellant activated his beeper, called out to the inmates to “break it up”, went to the back of the dormitory and told the three inmates to pack their belongings to go to “the hole”; i.e. administrative lock-down. The inmates went to their respective beds and began packing; appellant went back to the security desk to log in the incident and to handle traffic in and out of the dormitory.
5. Captain Johnnie Knight went to Cypress 4 in response to appellant’s beeper. .Sergeant Michael Bracy, the key officer for the Cypress Unit, let the Captain into Cypress 4.
6. Captain Knight approached appellant at the desk; appellant advised the Captain that the three inmates had been arguing, pushing and shoving and that he was sending them to lockdown. Captain Knight, followed by appellant, walked to the back of the dormitory to where the three inmates were packing.
7. Although the three inmates were quiet and were no longer engaged in any confrontation, Captain Knight perceived that “it just didn’t look right or feel right.”
8. Captain Knight instructed appellant to go have Sergeant Bracy summon the Lieutenants to take the inmates to lock-down; the Captain remained in the back of the dormitory.
9. Appellant returned to the back of the dormitory, followed shortly by Lieutenant Dallas Constance and Lieutenant Charles Allen.
10. Captain Knight instructed Lieutenant Constance to take inmate Hampton out of the dormitory. Immediately after issuing the instruction, Captain Knight was pushed from the back and inmate Sumler attacked Hampton, as if punching him.
11. Lieutenant Allen got hold of Sum-ler, saw a screwdriver in the inmate's hand and took the screwdriver from the inmate while wrestling him down onto a bed. Lieutenant Constance hurriedly escorted Hampton out of the dormitory.
12. Raymond Whittington, who was the Training Liaison Officer at the Penitentiary in 1985 when appellant was employed and attended training, testified that his class plan for the 8-hour orientation course regarding Louisiana State Penitentiary operations included instructing Cadets that when there is a fight in a dormitory, the officer is to separate the fighters so they cannot have' further contact; however, Whittington could not specifically recall whether he taught the class which appellant attended.
13. Captain Knight testified that when a fight occurs, officers are required to separate the fighters by moving one of them either to another area of the dormitory or out of the dormitory. Captain Knight, further, testified that the officer should move the aggressor and that a dormitory officer should know the inmates in his dormitory and be able to assess which are the aggressors.
14. Appellant denies that he was ever instructed to separate fighting inmates, as described by Captain Knight, but asserted that he did separate the inmates by sending them to their respective beds.
15. No evidence was presented to establish that appellant had been assigned to work Cypress 4 long enough to know the inmates housed therein.
CONCLUSIONS OF LAW
In the appeal of a disciplinary action, the burden of proof as to the facts is on the appointing authority. La. Const. Art. X, Sec. 8(A); Shelfo v. Louisiana Health and Human Resources Administration, 361 So.2d 1268 (La.App. 1st Cir.1978); Stiles v. Department of Public Safety, 361 So.2d 267 (La.App. 1st Cir.1978); Department of *1233 Public Safety v. Rigby, 401 So.2d 1017 (La.App. 1st Cir.1981); Dent v. Department of Corrections, 413 So.2d 920 (La. App. 1st Cir.1982). The burden of proof is by a preponderance of evidence, which means evidence of greater weight or more convincing than that offered in opposition thereto. Savoie v. Department of Corrections, 394 So.2d 1285 (La.App. 1st Cir. 1981); Herbert v. Department of Police, 362 So.2d 1190 (La.App. 4th Cir.1978); Jones v. Department of Health and Human Resources, 430 So.2d 1203 (La.App. 1st Cir.1983); Thornton v. Department of Health and Human Resources, 394 So.2d 1269 (La.App. 1st Cir.1981). The appointing authority must establish by a preponderance of evidence that legal cause exists for the disciplinary action imposed. See La. Const. Art. X, Sec. 8(A); Leggett v. Northwest State College, 242 La. 927, 140 So.2d 5 (1962); Jones v. Department of Health and Human Resources, supra; Williams v. Housing Authority of New Orleans, 425 So.2d 1310 (La.App. 1st Cir. 1983); Dent v. Department of Corrections, supra. The Referee concludes that in this appeal the appointing authority has failed to bear its burden of proof.
The Referee finds that appellee has failed to establish by a preponderance of evidence that appellant was trained in the procedure for separating inmates who have been arguing or fighting or to establish that appellant had the knowledge and/or experience necessary to determine which of the three inmates was the aggressor and to move the proper inmate away from the other two. Considering that the three inmates had separated and were following appellant’s instructions prior to the arrival of. Captain Knight and up to the moment when Captain Knight instructed Lieutenant Constance to take inmate Hampton out of Cypress 4, the Referee is unable to conclude that appellant's conduct resulted in the attack on Hampton by Sumler. The Referee concludes that appellee has failed to bear its burden of proving legal cause for disciplinary action against this appellant based upon his conduct on November 17, 1987.
Accordingly, this appeal is granted and the termination is hereby reversed. Appellant is to be reinstated to his position effective January 22, 1988, and is to receive back pay from that date until he is returned to duty, subject to an offset in favor of appellee for all wages earned and/or unemployment compensation received during that period. The January 15, 1988 notice of termination is to be removed from appellant’s personnel records.
/s/ Bernice R. Pellegrin Bernice R. Pellegrin
Civil Service Commission Referee