SHORTESS, Judge.
This appeal arises out of a Civil Service Commission ruling on disciplinary action taken by the Louisiana Department of Transportation and Development (DOTD) against appellant, John W. King, Sr.
Appellant was verbally suspended without pay on August 14, 1990, from his permanent status as a Senior Attorney with DOTD as a result of alleged acts of insubordination. The alleged insubordination stems from appellant’s refusal to accept work assignments from an attorney of his same classification after being ordered to do so by his supervisor, Edward A. Michel, the Chief Attorney in charge of the Expropriation Unit. By letter dated August 15, 1990, under signature of Norman L. Sisson, General Counsel of DOTD, appellant’s verbal suspension was confirmed, pending further investigation, for a period not to exceed 90 days.
On August 24, 1990, appellant filed an appeal with the State Civil Service Commission (Commission) denying the charges and questioning the severity of the penalty. By letter dated October 9, 1990, appellant was advised by Sisson the investigation had been completed and his suspension was being fixed at 60 days.
On November 7, 1990, appellant filed a second appeal with the Commission which again denied the charges and questioned the legality of vesting supervisory authority in a co-employee of the same classification. The two appeals were consolidated, and a hearing was held on February 21, 1991, before a referee appointed by the Commission.
After a hearing on the merits, the referee denied the appeals, finding the appointing authority had met its burden of proving appellant’s acts of insubordination and specifically rejecting appellant’s argument that the vesting of supervisory authority in a co-employee of the same classification violated any civil service rule. The referee also held that appellant received adequate presuspension notice and opportunity to respond and therefore was not deprived of due process of law.
On appeal, appellant contends (1) the referee erred in holding he was guilty of insubordination, (2) he was deprived of due process of law by not having been given pre-suspension notice or an opportunity to respond thereto, (3) his conduct did not impair the efficient operation of state service, and (4) the 60-day suspension without pay was excessive and unusual punishment.
FACTS
Appellant has been employed by DOTD as an attorney since February 23,1976. At the time of this conflict he served with permanent status as a Senior Attorney in DOTD's Expropriation Unit.
By memorandum dated August 8, 1990, Michel designated a “Trial Supervisor” for each of three trial units existing within the Expropriation Unit.[1] Appellant was assigned to Area B by Michel’s memorandum, which also designated Harvey L. Hall as the “Trial Supervisor” of Area B. Hall, by memorandum dated August 8, 1990, assigned appellant to handle the parishes of Grant, Winn, Evangeline, and Allen. Appellant, however, refused to accept Hall’s assignment and returned his memorandum with a handwritten notation which states in pertinent part:
I do not accept your assignment of parishes. We are both senior attorneys and I will not take assignments or orders from you....
By memorandum dated August 9, 1990, Hall sent the entire file on a prospective expropriation case in Evangeline Parish to appellant for handling. Appellant again refused to accept the assignment and returned the entire file and Hall’s memorandum with another handwritten notation reiterating his position as stated in his August 8, 1990, memorandum.
On the afternoon of August 9, 1990, Michel met with appellant and gave him a memorandum which contained specific or *791 ders to comply with his August 8, 1990, memorandum and to accept the assignments of Grant, Winn, Evangeline, and Allen Parishes from Hall.[2] Michel then verbally expressed to appellant the same orders contained in the memorandum. Appellant, however, restated his position and advised Michel he did not intend to accept his orders nor assignments from Hall.
Following the August 9, 1990, meeting, Hall assigned two additional expropriation suits to appellant. Once again appellant refused to accept the assignments and returned the files to Hall’s office. On August 13, 1990, Hall sent a memorandum to Michel advising that subsequent to the August 9, 1990, meeting he had assigned two additional suits to appellant for drafting, but that they had been returned without notation to his office. Appellant was given a copy of Hall’s memorandum but failed to respond.
On the morning of August 14, 1990, appellant was verbally suspended from duty by Sisson. Appellant reported for work the next morning as usual, but was allowed only to remain on the premises until he received written confirmation of his suspension.
Subsequent to his suspension, appellant sent a handwritten memorandum dated August 15, 1990, to Sisson, wherein he denied refusing to accept an assignment from an employee of higher rank. Appellant’s memorandum also stated he would accept “any and all assignments from anyone and everyone and then pursue any appropriate action through Civil Service.”
INSUBORDINATION
Appellant contends DOTD violated the Civil Service structure by vesting supervisory authority in a co-employee of the same classification. More specifically, appellant contends the Commission referee erred in finding him guilty of insubordination for refusing to accept assignments from a fellow Senior Attorney whom Michel had appointed supervisor over him.
Because we find appellant failed to obey the direct written and verbal orders of the Chief Attorney in charge of the Expropriation Unit, we need not address these contentions.[3]
The record reveals DOTD’s Legal Section is headed by the General Counsel. Beneath the General Counsel is the Deputy General Counsel, followed by three Chief Attorneys heading three different units: the General Law Unit, the Appellate Unit, and the Expropriation Unit. Under each of the Chief Attorneys are Senior Attorneys who have been assigned to that unit.
It is undisputed Michel was the Chief Attorney in charge of the Expropriation Unit. It is also undisputed appellant was classified as a Senior Attorney and assigned by the General Counsel to work in the Expropriation Unit. Accordingly, appellant was in no position to refuse to obey Michel’s direct written and verbal orders.
We have consistently held legal cause for disciplinary action against a permanent, classified civil service employee exists whenever that employee’s conduct is detrimental to the efficient and orderly operation of the public service for which he is employed. See Department of Public *792 Safety and Corrections v. Piazza, 588 So.2d 1218 (La.App. 1st. Cir.1991), writ denied, 594 So.2d 1305 (La.1992); Claverie v. L.S.U. Medical Center, 553 So.2d 482 (La.App. 1st Cir.1989); Hill v. Department of Health and Human Resources, 457 So.2d 781 (La.App. 1st Cir.1984). Here, the Commission found appellant’s insubordination impaired the efficient and orderly operation of the public service because he persistently refused to perform the duties for which he was paid. Likewise, appellant’s conduct resulted in supervisory personnel having to set aside their own duties while dealing with appellant’s refusal to accept assignments.
An appellate court should not reverse the Commission’s determination as to whether legal cause exists for disciplinary action unless the decision is arbitrary, capricious or an abuse of discretion. Walters v. Department of Police, 454 So.2d 106 (La.1984). We find no manifest error in the Commission’s conclusion that appellant’s conduct was detrimental to the efficient and orderly operation of DOTD in the execution of its public duty. Had appellant followed the proper grievance procedures he might have avoided this entire conflict. However, appellant chose to “draw a line in the sand” which ultimately led to his suspension. We cannot find the Commission’s conclusion was clearly wrong.
PRE-SUSPENSION NOTICE.
Appellant contends the Commission erred in failing to find he was deprived of due process by not having been given a pre-suspension notice or an opportunity to be heard. Citing Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), and Ayio v. Parish of West Baton Rouge School Board, 569 So.2d 234 (La.App. 1st Cir.1990), appellant argues due process required that he be given notice and an opportunity to respond at a meaningful time and in a meaningful manner prior to his suspension. In Loudermill, the United States Supreme Court held a public employee who had a property interest in continued employment must be given notice and an opportunity to respond prior to his termination. This court held in Ayio that, under the reasoning of Loudermill, the public employee in that case was entitled to a due process hearing before being suspended indefinitely without pay.
A determination as to whether an employee is entitled to a pre-suspension hearing depends on the facts and circumstances of each case and a balancing of the interests set forth by the Supreme Court in Loudermill. We need not decide whether due process required appellant be given notice and a pre-suspension opportunity to respond since we find, under the circumstances of this case, appellant did receive such notice and opportunity to respond pri- or to his suspension.
The record reflects appellant was placed on notice that his conduct was unacceptable at the August 9,1990, meeting with Michel. At this time, appellant was clearly advised both verbally and in writing that further insubordination on his part could result in serious disciplinary action.[4] Appellant was then given the opportunity to respond and allowed to explain his position.
We find appellant was not denied pre-suspension notice or an opportunity to be heard. Appellant was clearly warned and fully apprised of his situation and chose to disregard his orders. The Commission committed no error in its ruling.
EXCESSIVE PENALTY
Appellant contends his suspension without pay was an excessive and unusual punishment which should be set aside. A disciplinary action based on legal cause should be commensurate with the infraction and should not be set aside unless *793 characterized as an abuse of discretion. Walters, 454 So.2d at 114. We note, initially, that appellant was considered for termination as a result of his insubordinate conduct. However, in view of appellant’s status and lengthy state service, it was determined that a suspension without pay would adequately serve to deter any future misconduct on appellant’s part. The penalty imposed was not an abuse of discretion.
CONCLUSION
The decision of the Commission is affirmed at appellant’s costs.
AFFIRMED.

. The trial units are designated A, B, and C. Each unit handles cases in approximately one-third of the state. Each unit has several attorneys assigned to that area.

. Michel’s August 9, 1990, memorandum states in pertinent part:
The purpose of this memorandum is to specifically order you, in my capacity as Chief Attorney in charge of the Expropriation Unit, to comply with my memorandum of August 8, 1990, and Mr, Harvey L. Hall’s memorandum to you of August 8, 1990, assigning certain parishes in the state to you for the purpose of handling the expropriation work which emanates from those parishes. To put it another way, I hereby order you to accept the assignments of Grant, Winn, Evangeline, and Allen Parishes, effective immediately.
I expect you to comply with the specific instructions given in this memorandum. I will not tolerate further insubordination with regards (sic) to the valid instructions of Mr. Hall to you. You can take this memo as both a direct order to you as well as a warning to cease disregarding the instructions of Mr. Hall concerning the Expropriation work assignments. Please be governed accordingly.
(Emphasis ours.)

. We note Michel’s orders, i.e., his memorandum of August 9, 1990, specifically only orders appellant to follow Hall’s instructions regarding Expropriation work assignments.

. Michel’s August 9, 1990, memorandum states in pertinent part:
I am in receipt of the copy of your handwritten reply to Mr. Harvey Hall which you hand-delivered to me on August 8, 1990. Please be advised that I do not agree with your assessment concerning the authority of Mr. Hall to assign work in respective parishes to you.... I caution you that this could lead to serious disciplinary action.
(Emphasis ours.)