592 So.2d 1366 (1991)
Robert M. CASSE, Jr., Carolyn J. Sarafyan, Robert Raby, Joan McDonald, Dave Besse, III, Mike Barbier
v.
DEPARTMENT OF HEALTH AND HOSPITALS, Department of Social Services, and Department of State Civil Service.
No. CA 90 2078.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
*1367 Floyd J. Falcon, Jr., Avant and Falcon, Baton Rouge, for appellants.
Frank H. Perez, Staff Atty., Dept. of Health and Hospitals, Bureau of Legal Services, Baton Rouge, for appellee Dept. of Health and Hospitals.
Sidney W. Hall, Staff Atty., Dept. of Social Services, Bureau of Legal Services, Baton Rouge, for appellee Dept. of Social Services.
Robert R. Boland, Jr., Civ. Service Gen. Counsel, Dept. of State Civ. Service, Baton Rouge, for appellee Dept. of State Civ. Service.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a decision of the Civil Service Commission denying the request to certify an appeal as a class action.

FACTS
On August 5, 1988, approximately one hundred forty-seven (147) employees were laid off from the Department of Health and Hospitals and the Department of Social Services (DHH and DSS, respectively). Six of these employees timely filed an appeal and requested that the appeal be certified as a class action. DHH and DSS filed for a summary disposition on the issue of the certification of the appeal as a class action. The Civil Service Commission denied the request to certify the appeal as a class action. The six employees have appealed this denial.

ANALYSIS
The Civil Service Commission found that the Civil Service Rules did not expressly provide for class actions and held that class action practice is generally inconsistent with Civil Service Rules.
Administrative agencies may interpret their own rules, and such interpretations become part of the rules. Hill v. Department of Health and Human Resources, Office of Mental Health and Substance Abuse, 457 So.2d 781 (La.App. 1st Cir.1984). Although we deal here with an agency's interpretation of what is not contained in their rules and what is inconsistent with their rules, it is nonetheless an interpretation of agency policy.
We affirm the decision of the Civil Service Commission for the reasons stated in its opinion, a copy of which is attached hereto. The costs of this appeal are assessed against the appellants.
AFFIRMED.

*1368 ATTACHMENT

Decision

DATED: August 21, 1990.

FILED: August 21, 1990.
IN RE: Appeal of Robert M. Casse, Jr., et al., (Department of Health and Hospitals, Department of Social Services and Department of State Civil Service)

State of Louisiana Civil Service Commission Docket No. S-7345.

STATEMENT OF THE APPEAL
On August 4, 1988, counsel for appellants filed an appeal wherein appellants complained of a layoff to become effective August 5, 1988 and asked that the appeal be considered as a class action on behalf of all permanent classified employees of the Department of Health and Hospitals (hereafter DHH) and the Department of Social Services (hereafter DSS) or alternatively, on behalf of all permanent classified employees in the Executive Office of the Secretary and the Office of Management and Finance of the DHH and the DSS. Appellants challenged the layoff on several grounds and alleged why the appeal should be certified as a class action. As relief, appellants asked that the matter be certified as a class action; that the layoff be declared in violation of the Civil Service rules and be rescinded; that appellants be reinstated with back pay; and that appellants be awarded reasonable attorney's fees.
On January 24, 1990, counsel for the DSS filed a Motion for Summary Disposition wherein he argued that the Civil Service Rules contain no provisions for class actions and therefore, any employees who are not named in the appeal should be enjoined from participating because they did not file a timely appeal. Counsel also argued that the DSS should be dismissed as an appellee because the only named employee of the DSS is Carolyn J. Sarafyan, whose appeal was dismissed under Docket No. 7362 on April 12, 1989. Finally, counsel argued that the Commission lacks jurisdiction to certify a class action appeal.
A public hearing, limited to the issues raised in the Motion for Summary Disposition filed on behalf of the DSS, was held before the Commission on May 1, 1990, in Baton Rouge. Based on the argument presented, the Commission reaches the following conclusions.

CONCLUSIONS OF LAW
The threshhold issue is whether this appeal should be certified as a class action. Such an action could be allowed pursuant to Civil Service Rule 13.19(k), which reads as follows:
13.19 Procedure for Hearing Appeals.
(k) Where appropriate and not inconsistent with these Rules, hearings and the taking of testimony shall be conducted according to the accepted practice in civil trials before the district courts of the State.
. . . . .
Thus, the issues are whether class action practice is inconsistent with any existing Civil Service Rule and whether it is appropriate to certify this case as a class action.
Civil Service Rule 13.10 lists who may appeal to the Commission. Rule 13.10 envisions that an employee who wants relief from an adverse employment action will file an individual appeal. Nothing in Rule 13.10 authorizes or even remotely suggests that an employee may appeal on behalf of another or may appeal an adverse action taken against another. Similarly, nothing in Rule 13.10 authorizes or even remotely suggests that an employee can forego filing his own timely appeal and rely on someone else to file an appeal on his behalf. For these reasons, the Commission concludes that class action practice is generally inconsistent with Civil Service Rule 13.10. However, because Rule 13.10 does not *1369 specifically prohibit a class action appeal, the Commission must also explore the issue of the appropriateness of the use of a class action in this appeal.
Class action practice is used in the court system to enable the courts to adjudicate multi-party cases when it is impracticable to join all parties because of the number involved. In such cases, frequently the parties are either beyond the jurisdiction of the court in which suit is filed or the parties cannot be located or cannot even be identified. The class action was developed to benefit claimants with a good cause of action that could not otherwise be pursued because of the requirement that all indispensable and necessary parties be joined and to free the opposing parties from the harassment of defending numerous identical suits. The advantage of class action practice is that it avoids multiple, virtually identical suits before different courts and thereby promotes judicial economy, minimizes the risk of inconsistent adjudication and reduces the cost to the litigants. Ultimately, the trial court must weigh the advantages and disadvantages and must decide whether the class action is more useful than other available procedures.
Many of the factors which prompted the development of the class action in the court system do not exist for the Commission. As noted above, Civil Service Rule 13.10 envisions an individual appeal by an employee who is adversely affected by an employment action. Such an appeal can always be adjudicated without the joinder of any other party-appellant; no other parties-appellant are either necessary or indispensable.[1] Even when many classified employees are affected by the same event, such as a layoff, nothing precludes their filing individual appeals and joinder of all similarly situated employees is not required. Therefore, locating and identifying other similarly situated employees is unnecessary. Unlike the court system wherein many different district courts could have personal jurisdiction of some of the parties and be appropriate as to venue as to some of the parties, in civil service appeals, there is but a single administrative tribunal having jurisdiction. For this reason, the risk of inconsistent adjudication is minimal.[2] Finally, Civil Service Rule 13.23 allows the consolidation of related appeals by the Commission on its own motion or at the request of any party. By consolidating all related appeals, the risk of inconsistent adjudication is even further minimized and numerous identical hearings are avoided. After having considered the factors involved, the Commission concludes that the consolidation of related individual appeals is a more useful and appropriate procedure than certification of a class action.[3] For these reasons, the request to certify this appeal as a class action is denied.
The DSS further argues that it should be released as an appellee because only one named appellant, Carolyn J. Sarafyan, is employed by the DSS and she filed an individual appeal which was denied under Docket No. 7362 by decision rendered on April 12, 1989. The Commission has examined the appeal in Docket No. 7362. In that appeal, Ms. Sarafyan challenged the layoff on the ground that Rule 17.17 was violated because she was not allowed to *1370 displace employees in the Office of Family Security. Only this issue was adjudicated and the Referee concluded that Ms. Sarafyan failed to prove any violation of Rule 17.17. The current appeal challenges the layoff on numerous grounds that were not asserted in Docket No. 7362. For this reason, the Commission concludes that the decision rendered in Docket No. 7362 does not constitute res judicata as to the issues raised herein[4] nor does that decision warrant the dismissal of the current appeal by Ms. Sarafyan. For this reason, the motion of the DSS to be released as an appellee is denied.
For the foregoing reasons, this matter is referred to a hearing on the merits as individual appeals by the six named appellants.
NOTES
[1] Occasionally, another employee is an indispensable party-appellee, such as when an employee challenges the denial of a promotion on the ground that the person selected did not qualify. See Donchess v. DHHR, Office of Management and Finance, 457 So.2d 833 (La. App. 1st Cir.1984).
[2] Adjudication could vary between Referees; however, any such inconsistencies could be addressed upon Application for Review to the Commission. See La. Const. Art. X, Sec. 12(A) and Civil Service Rule 13.36.
[3] No civil service appeal has ever been processed as a class action. In two pay cases, the Commission ordered relief on a class action basis to maintain uniformity of the pay plan. See Appeals of Thoreson, et al., (Department of State Civil Service), Docket No. 2404 order rendered December 8, 1983 and Appeals of Barousse, et al., (Department of State Civil Service), Docket No. 4050 rendered February 13, 1984.
[4] See LSA-R.S. 13:4231.