594 So.2d 914 (1991)
Barbara MOBLEY
v.
DEPARTMENT OF SOCIAL SERVICES and Department of State Civil Service.
No. 90 CA 1892.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
*915 Mark E. Falcon, Avant and Falcon, Baton Rouge, for appellants.
Joyce Fisher, Staff Atty., Dept. of Social Services, Bureau of Legal Services, Baton Rouge, for appellee Dept. of Social Services.
Robert R. Boland, Jr., Civil Service General Counsel, Dept. of State Civil Service, Baton Rouge, for appellee Dept. of State Civil Service.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
SAVOIE, Judge.
This Civil Service case involves the issue of whether a permanent classified employee is entitled to a pay increase based on a change in position which the employee contends was a promotion. The facts of the case are not in dispute. Ms. Barbara J. Mobley, a permanent classified employee of the Department of Social Services, was laterally displaced in lieu of a September 10, 1988 layoff. She later took a voluntary demotion without any reduction in pay: she went to a GS-6 level position from her previous position at a GS-8 level. She then returned to her pre-layoff GS-8 position by appointment from a department preferred reemployment list (a list of employees who have been laid off or affected by a layoff, i.e., displaced and/or demoted). She did not receive promotional pay, but continued to receive the pay appropriate to a GS-8 position.
Ms. Mobley filed an appeal with the Civil Service Commission (Commission) complaining of pay discrimination. She alleged that two other classified employees who were appointed from department preferred reemployment lists had received promotional pay increases. The Commission denied Ms. Mobley's appeal, finding that she was not entitled to a promotional pay increase.
From this decision, Ms. Mobley appeals. She asserts three assignments of error:
1. The Commission erred in failing to conclude that Ms. Mobley was entitled to promotional pay due to then existing Civil Service Rules.
2. The Commission erred in failing to follow its own precedent as set forth in the Appeal of Marilee C. Standiford.

3. The Commission erred in failing to award reasonable attorney's fees.

LEGAL ANALYSIS

ASSIGNMENT OF ERROR NO. 1
Ms. Mobley argues that she is entitled to a pay increase as set forth in Civil Service Rule 6.7 because she was promoted as defined by Civil Service Rule 1.27.[1] Rule 1.27 states: "`Promotion' means a change of a permanent employee in the Classified Service from a position of one job to a position of another job which is assigned to a higher pay grade." Rule 6.7 reads, in pertinent part, as follows:
Rate of Pay upon Promotion
(a) When an employee is promoted to a position in a higher grade, his pay shall increase by at least 7 percent.
(b) When an employee is given a one grade promotion his pay shall increase by 7 percent. When an employee is given a two grade promotion his pay may be increased in an amount not to exceed 10½ percent.... An employee shall not be paid below the minimum of the higher range.
Ms. Mobley contends that she changed jobs from the position of one job to a position of another job which was assigned to a higher pay grade, and thus was promoted as defined by Rule 1.27.
We agree with the Commission's ruling that Ms. Mobley is not entitled to a pay increase because she was not promoted as contemplated by Rule 1.27. We find *916 that a promotion would not include an employee such as Ms. Mobley who is already receiving the higher pay grade (of the newer job to which she is appointed) while working at another job of a lower pay grade, in lieu of being laid off.[2] We find that the redactors intended promotion to cover the situation where an employee in a job at a lower pay grade who is actually receiving pay at the lower grade changes position to a job at a higher pay grade so that his pay increases to that of the higher pay grade.
Ms. Mobley correctly points out that the Civil Service Rules must be construed according to the rules of interpretation applicable to legislation in general. Department of Health and Human Resources, Office of Family Security v. Perry, 423 So.2d 1266 (La.App. 1st Cir.1982). One of the civil code articles dealing with the interpretation of laws reads, "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." LSA-C.C. art. 9. Additionally, as this court in the Perry case pointed out, "courts should interpret statutes in light of their true intent and also to avoid absurd results." Perry, 423 So.2d at 1269. Ms. Mobley's application of the rule in this case would lead to absurd consequences and would ignore the rule's true intent. See Perry, 423 So.2d at 1269.
Ms. Mobley was not deprived of the pay she was entitled to and accustomed to receiving when she took a voluntary demotion; Civil Service Rule 6.10(d) authorizes a demotion in lieu of layoff without a pay reduction. Thus, Ms. Mobley continued to receive pay at a GS-8 level although the position she was demoted to was at a GS-6 pay grade. She then returned to a GS-8 position due to reemployment preference. However, Ms. Mobley now seeks to use that reemployment preference from which she already benefitted to obtain an increase in pay to which she otherwise would not be entitled.
Furthermore, a promotion is constitutionally mandated to be based on "merit, efficiency, fitness, and length of service." LSA-Const. art. X § 7. If a department preferred reemployment list exists for a particular classification, an appointing authority must hire from that list when filling a vacancy. An appointment from a department preferred reemployment list is not based upon the factors set forth in the Constitution, but rather is based strictly upon length of state service.[3] The argument *917 that Ms. Mobley was on the department preferred reemployment list for the GS-8 position because she had previously met this constitutional requirement when she was originally promoted to the position must be met with the argument that she has already been compensated for such promotion. That is, her recent move was not a "re-promotion", but was a preferential appointment based on seniority only. If Civil Service Rule 1.27 defining promotion is read as Ms. Mobley would have us interpret it, then constitutional problems arise. If a statute or rule is broad enough to be applied both validly and invalidly, the valid interpretation should be used when it conforms to the legislative intent or purpose of the statute. See Callais Cablevision v. Houma Cablevision, 451 So.2d 6, 12 (La.App. 1st Cir.), writ denied, 452 So.2d 1175 (La.1984). Therefore, we reject Ms. Mobley's interpretation of Rule 1.27.
Additionally, we note that in Hill v. DHHR, 457 So.2d 781 (La.App. 1st Cir. 1984), we recognized that the Civil Service Commission's interpretation of its own rules becomes part of the rule, as long as the interpretation is not unreasonable. Assignment of Error No. 1 is meritless.

ASSIGNMENT OF ERROR NO. 2
Ms. Mobley claims that she is entitled to an increase in pay based on another Civil Service case, the Appeal of Marilee C. Standiford. The Commission acknowledged in its opinion in the case before us that Ms. Mobley's situation was identical to the situation in the Standiford case. In Standiford, the employee was laterally displaced in lieu of a layoff, was later voluntarily demoted with no reduction in pay, and was then returned to her pre-layoff position by appointment from a department preferred reemployment list. The Commission decided the employee in Standiford was entitled to promotional pay under Civil Service Rule 6.7.
The Commission in this case concluded that its Standiford decision was incorrect and overruled it. The Commission determined Rule 6.5(c) applied to Ms. Mobley's situation. Rule 6.5(c) reads: "The pay of an employee reentering the classified service... may be fixed at any rate in the range that does not exceed the highest salary he previously earned while serving with permanent status in a classified position other than detail to special duty." The Commission stated in its opinion that Ms. Mobley was not entitled to promotional pay on the grounds that two other employees in the same or similar situation had received it. According to the Commission, the promotional pay was ordered in error and Ms. Mobley was not entitled "to a perpetuation of that error."
The Commission relied on the reasoning in its decision entitled Appeal of Janet Slaybaugh to support its finding that Rule 6.5(c) applied.[4] According to the Slaybaugh opinion,
Finally, the Commission concludes that appellant's [Slaybaugh's] appointment from the department preferred re-employment list was most analogous to a re-entry into the classified service. Appellant herein was not laid off; therefore, she did not actually leave the classified service and later re-enter it. However, as a result of the layoff, appellant was displaced from her job class and she later re-entered the same job class by appointment from the department preferred re-employment list. Regardless of whether an employee is laid off or is merely displaced from his position, the employee's department preferred re-employment rights are identical. The Commission concludes that the employee's pay eligibility upon returning to his former job class should also be identical. Under Civil Service Rule 6.5(c), an employee who is actually laid off and who is *918 later returned to his former job class by appointment from a department preferred re-employment list can be paid no higher than the pay rate earned prior to the layoff. The Commission believes that an employee who is fortunate enough to escape layoff and who is only displaced to another job or demoted as a result of the layoff should not receive a greater pay eligibility upon returning to his former job class than the less fortunate employee who was actually laid off.
Regardless of what Ms. Mobley's restoration to her pre-layoff position is classified as, we agree with the Commission's finding that it was not a promotion within the meaning of Rules 1.27 and 6.7 and Article X, § 7 of the Constitution. Therefore, we find no error in the decision of the Commission denying Ms. Mobley a pay increase. Ms. Mobley's second assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 3
We pretermit discussion of Ms. Mobley's entitlement to attorney's fees because of our previous rulings.
For these reasons, the decision of the Civil Service Commission is affirmed. Ms. Mobley is to pay all costs of this appeal.
AFFIRMED.
COVINGTON, C.J., concurs in the result.
NOTES
[1] Except as otherwise indicated, all reference in this opinion to the Civil Service Rules is to those rules as they existed at the pertinent times.
[2] Although not applicable in this case, the Commission enacted a rule dealing with pay upon appointment from a department preferred reemployment list. The rule, 6.5.1, states:

Subject to Rule 6.14, the pay of a person appointed from a department preferred reemployment list may be fixed no higher than his rate of pay at the time of the layoff or displacement action, which entitled him to placement on the preferred list from which he is appointed, or at his current rate if such rate is higher based on other provisions of these Rules. In no case shall the rate of pay be higher than the range maximum for the class to which appointed.
The rule was instituted on an emergency basis on January 10, 1990, and on a regular basis on February 7, 1990.
[3] Civil Service Rule 17.24(c) reads in pertinent part as follows:

The names of laid off or displaced permanent employees on the department preferred reemployment lists shall be ranked in the order of length of State service they held at the time of the layoff.
Civil Service Rule 17.25 states in part:
When there is a department preferred reemployment list for an agency or department affected by a layoff, containing the name of one or more qualified employees available for appointment to a vacant position in the affected agency or department, the vacancy shall be filled only by reinstatement, restricted appointment, detail to special duty not to extend three (3) months beyond the effective date of layoff, job appointment not to extend three (3) months beyond the effective date of layoff, internal demotion, restoration of a former employee entitled to the position who has returned from military service in accordance with Rule 8.19, or appointment of an eligible from such list.... Except as provided in this Rule, appointment from a department preferred reemployment list shall take priority over all other methods of filling vacancies.
Civil Service Rule 8.9(a) reads in part as follows:
Except as provided in subsection (c) hereof, appointment from certificates must be made from one of the eligibles within the five highest final grades, except in making appointments from a department preferred re-employment list, in which case the highest ranking eligible shall be appointed....
[4] In the Appeal of Janet Slaybaugh, the employee was involuntarily demoted without any reduction in pay due to a layoff and then was appointed from a department preferred re-employment list to a position that was equivalent to her pre-layoff position. Because Ms. Slaybaugh's situation was slightly factually distinguishable from that of Ms. Standiford, the Commission found that the Standiford decision was inapplicable and did not consider the correctness of the Standiford decision.