JaGONZALES, Judge.
This is an appeal from a decision of the Civil Service Commission of the State of Louisiana. John G. Hudson, a former corrections sergeant employed by the Department of Public Safety and Corrections at the Louisiana State Penitentiary at Angola, challenges the dismissal of his appeal from his termination of employment.
FACTS AND PROCEDURAL HISTORY
On January 29, 1995, while on duty during a twelve-hour shift in a prison dormitory, Hudson was allegedly observed for approximately two and one-half minutes sitting in a chair behind a security counter with his eyes closed. At the time, Hudson was the only officer on duty in the dormitory which housed sixty inmates.
According to Hudson’s brief, a pre-termi-nation hearing was held on February 24, 1995, and Hudson was thereafter allowed to return to work pending an administrative decision. On June 2,1995, a third-level disciplinary hearing decision was issued by the Corrections Executive Officer recommending that Hudson be terminated.
On June 13, 1995, a notice of termination was mailed to Hudson, informing him of his termination, effective June 21, 1995. The letter stated that there were sixty inmates in the dormitory, that Hudson was locked in the dormitory and was the only officer on duty there, and that “[b]y being asleep and in a state of total inattentiveness, [he] jeopardized [his] safety and the safety of the inmates under [his] supervision,” in violation of a “Corrections Services’ Employee Manual” rule. The letter also notified Hudson of his right to appeal his termination and referred him to the Civil Service Rules for the time limits and procedures for appeal.
Hudson filed an appeal of his termination with the Civil Service Commission on July 21, 1995. On August 11, 1995, a notice from the Civil Service Commission was mailed to the parties, questioning the timeliness of Hudson’s appeal, and directing the parties to show cause in writing on or before September 1, 1995 why the appeal should not be summarily dismissed. After receiving responses from both parties, a Civil Service Commission referee issued a decision dated September 14, 1995, summarily dismissing Hudson’s appeal as untimely. According to the decision, Hudson was presumed to have ^received the notice of his termination by June 20, 1995, seven days from its mailing on June 13, 1995, pursuant to Civil Service Rule 12.8(d)(2). According to Civil Service Rule 13.12(a), Hudson had thirty days from June 20, 1995 to appeal his termination. His appeal was not filed until July 21,1995.
On September 28, 1995, Hudson filed an application for review of the referee’s decision with the Civil Service Commission (Commission). His application was denied by the Commission on January 19, 1996.
Hudson appeals from this adverse decision, asserting the following assignments of error:
1. The Commission erred in strictly following State Civil Service Rule 13.12 which provides that the time for running of an appeal delay is from the date of notice of the disciplinary action. Failing to find *1317 that time delays should begin to run from the date the disciplinary action is effective is in violation of Louisiana Constitution Article X, Section 8(A) and the employee’s right to due process.
2. The Commission erred in finding a notice which on its face is untimely and in violation of the time requirements of the departmental rules and regulations for disciplinary matters begins the counting of the delay period for a civil servant’s appeal.
3. The Commission erred in failing to use its discretion to determine that, in light of the circumstances, the interest of justice was best served by allowing Mr. Hudson’s appeal to proceed.
APPEAL RIGHTS OF PERMANENT CLASSIFIED EMPLOYEES
Permanent classified employees of the state who have been subjected to disciplinary action have a right of appeal to the State Civil Service Commission. La. Const, art. X, § 8(A). Appeals of the disciplinary action to the Commission are regulated by rules established by the Commission. La. Const, art. X, § 10(A); Civil Service Rules, Chapter 13. Appeals and Hearings. The Commission is vested with broad and general rulemaking powers for the administration and regulation of the classified service, and rules of the Commission have the effect of law. La. Const, art. X, § 10(A)(1) and (4). If a Civil Service rule is reasonable and not violative of basic constitutional rights, it must be recognized and enforced by the courts. Rocque v. Department of Health and Human Resources, Office of Secretary, 505 So.2d 726, 728 (La.1987) (on rehearing).
pRegarding the time period within which an appeal to the Commission must be made, Civil Service Rule 13.12 provides, in pertinent part, as follows:
13.12 Delay for Making Appeal.
(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Department of Civil Service at' Baton Rouge, Louisiana, or (ii) is addressed to the Director of the State Department of Civil Service at Baton Rouge, Louisiana, with proper postage affixed, and is dated by the United States Post Office.
1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules; or
2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all.
(b) Legal holidays and days on which the office of the Department of State Civil Service is closed shall not serve to extend the delay period specified in Subsection (a) hereof.
In assignment of error number one, Hudson argues that the Commission erred in strictly construing Rule 13.12 to require that a civil service employee file an appeal of a disciplinary action within thirty days of receiving notice of the action of which he complains. According to Hudson, the thirty-day period should begin to run from the effective date of the challenged action (in this case, the effective date of termination), and failure to interpret the rule in this manner is violative of La. Const, art. X, § 8(A) and the employee’s right to due process. Aside from the obvious fact that this interpretation would render his appeal timely, Hudson gives no explanation how his constitutional rights are being violated.
We first note that the requirement of Civil Service Rule 13.12 that an appeal be taken within thirty days after an appellant has received written notice of the action does not violate La. Const, art. X, § 8(A), which reads:
§ 8. Appeals
Section 8. (A) Disciplinary Actions. No person who has gained permanent status in the classified state or city service shall be subjected to |5disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of ap *1318 peal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority.
As found by the referee in her September 14, 1995 decision, the thirty-day appeal delay of Rule 13.12 “has been held to be constitutional, a reasonable exercise of the Civil Service Commission’s rule-making power and has been enforced by both the Commission and the courts.” Sutton v. Department of Public Safety, Division of State Police, 340 So.2d 1092, 1094 (La.App. 1st Cir.1976). Therefore, we find no merit in the argument that the application of Rule 13.12 as written is violative of a civil service employee’s appeal rights under La. Const, art. X, § 8(A).
We next address Hudson’s argument that his right to due process has been violated by the Commission’s “strict” interpretation of Rule 13.12 to require that the thirty-day appeal delay run from the notice of the challenged action, rather than from the effective date of the challenged action.
Both the United States Constitution and the Louisiana Constitution provide that an individual cannot be deprived of property without due process of law. U.S. Const, amend. 14; La. Const, art. I, § 2. It is well established that a permanent, classified civil service employee has a property interest in retaining his job. Thus, such an employee cannot be terminated without due process of law. Brown v. Housing Authority of New Orleans, 590 So.2d 1258, 1260 (La.App. 1st Cir.1991).
The fundamental requirement of procedural due process is notice and the opportunity to be heard at a meaningful time and in a meaningful manner. Casse v. Sumrall, 547 So.2d 1381, 1385 (La.App. 1st Cir.), writ denied, 551 So.2d 1322 (La.1989). Hudson does not claim that he has been deprived of either of these requirements of due process. He instead argues that the triggering event for the running of his appeal delays, whether that be from his receipt of. notice of his pending termination or from the effective date of his termination, is somehow related to due process. The choice of the triggering event which begins the running of an appeal delay does not involve due process concerns unless it affects a litigant’s rights of notice and an opportunity to be heard. 16Civil Service Rule 13.12 clearly provides for both of these rights. First, the appeal delay does not begin to run until the appellant receives notice of the challenged action. Second, the appellant is given thirty days from such notice to take and perfect his appeal.
Although due process must be afforded, no one has a vested right in any given mode of procedure. Grimmer v. Beaud, 537 So.2d 299, 302 (La.App. 1st Cir.1988), writ denied, 538 So.2d 613 (La.1989). The procedural aspects of an appeal are primarily a legislative function, or in this ease, an administrative rule-making function. So long as the administratively established procedure provides reasonable time and opportunity for taking and perfecting an appeal, the constitutional requirement of due process of law is satisfied. See Darouse v. Mamon, 201 So.2d 362, 365 (La.App. 1st Cir.1967).
Civil Service rules must be construed according to the rules of interpretation applicable to legislation. Mobley v. Department of Social Services, 594 So.2d 914, 916 (La.App. 1st Cir.1991). When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. Civil Service Rule 13.12 clearly provides that the thirty-day appeal delay runs from the date the appellant received notice of the action on which the appeal is based. This requirement is not ambiguous, nor does it lead to absurd consequences. Having determined that Civil Service Rule 13.12 does not violate the constitutional provisions raised by Hudson, we must apply the rule as written.
The record establishes that Hudson’s notice of termination was mailed on June 13, 1995. Pursuant to Civil Service Rule 12.8(d)(2),[2] the written notice was con *1319 sidered given to Hudson on June 20, 1995, the seventh calendar day after it was mailed to him, with ^correct postage, at the most recent address he furnished in writing to his personnel office. Hudson does not dispute that he received the notice by June 20, 1995. Thus, pursuant to Civil Service Rule 13.12, Hudson had until July 20, 1995, at the latest, within which to appeal his termination by written notice either received in the office of the Director of the State Department of Civil Service at Baton Rouge, Louisiana or addressed to the Director, with proper postage, and dated by the United States Post Office. It is undisputed that Hudson’s appeal was hand delivered on July 21, 1995, one day after the appeal deadline. Thus, the appeal was untimely, and the Commission did not err in denying Hudson’s appeal on this basis. This assignment of error is without merit.
TIMELINESS OF NOTICE OF TERMINATION
In assignment of error number two, Hudson contends that the notice of termination sent to him by the Department of Public Safety and Corrections (DPSC) was not timely under applicable departmental rules and should not have been considered sufficient notice to begin the running of his appeal delays. Hudson alleges that DPSC “Employee Rules and Disciplinary Procedures” provide that investigations may be made at any stage of the disciplinary process but that they “shall be conducted within a reasonable period of time and should not unduly retard the progress of the proceedings.” According to Hudson, a four and one-half month delay from the date of his infraction to the date of the notice of termination was unreasonable.
Although the record is not fully developed as to the investigation which occurred at the departmental level, it is apparent that there is a multi-level review process of alleged infractions within the DPSC. Thus, a delay of several months by the department, during which time an ongoing, thorough investigation and review of Hudson’s case at the departmental level was occurring, would not be unreasonable. Further, it is clear that Hudson was allowed to continue his employment at the Louisiana State Penitentiary during the pendency of the investigation. Thus, we see no substantial prejudice to Hudson as a result of the approximate four and one-half month delay at issue. See Greenleaf v. DHH, Metropolitan Developmental Center, 594 So.2d 418, 423-424 (La.App. 1st Cir.1991), writ denied, 596 So.2d 196 (La.1992) and McLaughlin v. Jefferson Parish School Board, 560 So.2d 585, 589 (La.App. 5th Cir.1990). This assignment of error is without merit.
CIVIL SERVICE COMMISSION DISCRETION TO DENY APPEAL
In assignment of error number three, Hudson contends that the Commission erred in failing to use its discretion in allowing his appeal to proceed despite its untimeliness. Hudson alleges that his attorney was “misled” by a Commission employee to believe that appeal delays were calculated from the date of the challenged action rather than from the date of the notice of the challenged action.
Even if we presume that Hudson’s allegations regarding erroneous information provided by a Commission employee are true, neither the Commission referee nor the Commission itself expressly stated the effect of such information on their conclusions that Hudson’s appeal should be dismissed. Silence in a judgment as to any part of a demand is construed as a rejection of that part of the claim. Gill v. Matlack, Inc., 94-2546 (La.App. 1st Cir. 10/6/95), 671 So.2d 395, 397 n. 5. The referee and/or the Commission could have reasonably concluded that Hudson’s attorney’s reliance on representations by someone over the telephone as to important procedural aspects of an appeal was not reasonable. Administrative agencies may interpret their own rules, and such in *1320 terpretations become part of the rules, as long as the interpretation is not unreasonable. Mobley v. Department of Social Services, 594 So.2d at 917; Casse v. Department of Health and Hospitals, 592 So.2d 1366, 1367 (La.App. 1st Cir.1991). We find no error in the Commission’s decision to apply Rule 13.12 exactly as it is written. This assignment of error is without merit.
DECREE
For the foregoing reasons, the decision of the Civil Service Commission, summarily dismissing Hudson’s appeal, is AFFIRMED at Hudson’s costs.

. Civil Service Rule 12.8 reads, in pertinent part, as follows:
12.8 Written Notice
* * # * ⅜ ⅜:
*1319 (d) Written notice is considered given:
1. upon delivery to the employee or a person of suitable age and discretion who resides with the employee or
2. on the 7th calendar day after it is mailed to the employee, with correct postage, at the most recent address he furnished in writing to his personnel office.