Dear Representative Clarkson:
This office is in receipt of your letter dated June 5, 1998 wherein you have requested an Attorney General Opinion regarding the following question:
 Whether language submitted as a revision to a proposed rule subsequent to publication of a notice of intent by the Department of Health and Hospitals on January 20, 1998 constitutes a substantive change requiring a public hearing pursuant to the provisions of La. R.S. 49:968
H.(2).
Your request for an opinion focuses on particular language regarding a $20,000 line of credit required of prospective providers of MHR services. It appears all other revisions from the original notice of intent are grammatical or technical and do not constitute substantive changes.
The language in question appears in Section 11. A. of the proposed rule. The relevant portion of the original language published with the notice of intent on January 20, 1998 is as follows:
 II. Provider Participation A. Application Requirements
 * * *
 The enrolled provider must enroll separately in each region and have separate provider numbers in these regions where they do business. They have the ultimate responsibility for the delivery of all services, including those delivered through contractual agreement(s) in these regions. The prospective provider must provide documentation that the agency meets the following requirements and assurances to be enrolled as a Medicaid provider of MHR services:
 1. completed PE 50 and addendum, and a completed disclosure of ownership form; 2. line of credit from a federally-insured, licensed, lending agency for at least $20,000 as proof of adequate finances.
 The revision to the proposed rule reads in pertinent part:
 II. Provider Participation A. Application Requirements
 * * *
 The provider must have separate Medicaid provider numbers for each region where they are enrolled to do business. They have the ultimate responsibility for the delivery of all services, including those delivered through contractual agreement(s) in these regions. The prospective provider must provide documentation that the agency meets the following requirements and assurances to be enrolled as a Medicaid provider of MHR services:
 1. completed PE 50 and addendum, and a completed disclosure of ownership form; 2. line of credit from a federally insured, licensed, lending agency for at least $20,000.00 for each enrolled Medicaid provider ID number as proof of adequate finances.
The relevant statutory provisions are La. R.S. 49:951 (6) and 968 H. of the Administrative Procedure Act., La. R.S. 49:950 et seq.
La. R.S. 49:951 (6) defines "rule" as follows:
 (6) "Rule" means each agency statement, guide, or requirement for conduct or action, exclusive of those regulating only the internal management of the agency and those purporting to adopt, increase, or decrease any fees imposed on the affairs, actions, or persons regulated by the agency, which has general applicability and the effect of implementing or interpreting substantive law or policy, or which prescribes the procedure or practice requirements of the agency. "Rule" includes, but is not limited to, any provision for fines, prices or penalties, the attainment or loss of preferential status, and the criteria or qualifications for licensure or certification by an agency. A rule may be of general applicability even though it may not apply to the entire state, provided its form is general and it is capable of being applied to every member of an identifiable class. The term includes the amendment or repeal of an existing rule but does not include declaratory rulings or orders or any fees. (emphasis added)
More specifically La. R.S. 49:968 H. provides in pertinent part:
 H.(1) If both the House and Senate oversight subcommittees fail to find a proposed rule change unacceptable as provided herein, or if the governor disapproves the action of an oversight subcommittee within the time provided in R.S. 49:968(G), the proposed rule change may be adopted by the agency in the identical form proposed by the agency or with technical changes or with changes suggested by the subcommittee, provided at least ninety days and no more than twelve months have elapsed since notice of intent was published in the State Register.
 (2) Substantive changes to a rule proposed for adoption, amendment, or repeal occur if the nature of the proposed rule is altered or if such changes affect additional or different substantive matters or issues not included in the notice required by R.S. 49:953 (A)(1).
 * * *
Section H. (2) further requires a second public hearing and report to the oversight committees in the event of a substantive change.
The revisions to the language of the above quoted proposed rule appear to constitute technical or non-substantive changes. This language does not alter the nature of the proposed rule or affect additional or different substantive matters.
The revised language in Section II. A. 2., however, appears to constitute a substantive change. The original language of the proposed rule published in the Louisiana Register on January 20, 1998 seems unambiguous. The prospective provider is required to provide documentation of a line of credit for at least $20,000 as proof of adequate finances. The original language as it related to this particular requirement makes no reference to region but applies to the provider generally. In fact, only two of the items listed as requirements under Section 11. A. are directed toward regions; subsection 3, requiring identification of the population to be served, and subsection 5, requiring identification of all regions in which the provider conducts business.
The revised language requires a prospective provider to produce evidence of a line of credit for at least $20,000 for eachenrolled Medicaid provider ID number (emphasis added). This change potentially requires certain prospective providers to incur additional expense to operate in more than one region. The language appears to affect additional substantive matters regarding the qualification criteria than was contained in the original proposed rule.
The Department of Health and Hospitals contends that the revised language is a clarification of the Department's intent.
As a general rule, administrative agencies may interpret their own rules and such interpretations become part of the rules, as long as the interpretation is not unreasonable. Hudson v.Department of Public.Safety and Corrections, Louisiana StatePenitentiary, 682 So.2d 1314. (La.App. 1st Cir., 1996); Mobley v.Department of Social Services, 594 So.2d at 917; Casse v.Department of Health and Hospitals, 592 So.2d 1366, 1376 (La.App. 1st Cir., 1991).
 [9] Rules must be construed according to the rules of interpretation applicable to legislation. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. Hudson, Mobley, supra
Further, the revised language is not an attempt to clarify or interpret an existing rule, rather it has been submitted as a report to the subcommittee on a proposed rule pursuant to La. R.S. 49:968 D. Accordingly, it would appear the provisions of the Administrative Procedure Act, specifically La. R.S. 49:968 H. (1) and (2), regarding substantive as distinguished from technical changes, are controlling. As noted above, the original language of Section II. A. 2 seems unambiguous.
A final question arises from your opinion request, specifically:
 Whether adoption of the rule in its revised form, assuming the changes to be substantive in nature, constitutes substantial compliance with the provisions of the Administrative Procedure Act. La. R.S. 49:950 et seq.
La. R.S. 49:954 A. provides in part:
 A. No rule adopted on or after January 1, 1975, is valid unless adopted in substantial compliance with this Chapter.
 * * *
The term "substantial compliance" has been interpreted inDorignac v. Louisiana State Racing Commission, 436 So.2d 667, (La.App. 4th Cir., 1983) to mean that "the court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case."
The primary purpose of La. R.S. 49:968 H. (2), the procedure to be followed in the event a substantive change to a proposed rule is made subsequent to publication of the notice of intent, is to afford interested persons the opportunity to attend a public hearing held by the agency on the substantive changes, and to allow the oversight committees to make a determination as to whether the proposed rule, in its final form, is acceptable or unacceptable.
While no public hearing on the revisions (substantive changes) has been held pursuant to the notice requirements and procedures of La. R.S. 49:968 H. (2), a meeting has been held where the revisions at issue were discussed on June 9, 1998.
However, the failure to provide a report to the oversight committees, as required by La. R.S. 49:968 H. (2), procedurally and effectively deprives the committees' ability to determine whether the revised language is acceptable, unacceptable or otherwise in compliance with the provisions of La. R.S. 49:968 C. (3). Such failure, again assuming the changes are substantive in nature, could well be considered less than substantial compliance.
In consideration of this Opinion, alternatives available to the Department would be to institute the La. R.S. 49:968 H. (2) notice and hearing process relative to the revisions to Section 11. A. 2. or to adopt the rule in the identical form originally proposed along with technical, nonsubstantive changes. The revisions to Section 11. A. 2. could be adopted as a rule change at a later date by instituting new rulemaking procedures pursuant to La. R.S 49:953.
In conclusion, it is the opinion of this office, that the revisions to Section 11. A. 2. of the rules proposed by the Department of Health and Hospitals subsequent to publication of the notice of intent on January 20, 1998 appear to constitute substantive changes requiring compliance with the procedures prescribed by La. R.S. 49:968 H. (2).
Hopefully this letter addresses your concerns. Please feel free to call if this office may be of further assistance,
Sincerely,
Richard P. Ieyoub ATTORNEY GENERAL
By: _____________________________ Thomas A. Warner, III Assistant Attorney General
TAW/epd